UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| T.H., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:25-cv-00060-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FRANK BISIGNANO, *Commissioner of* | ) | **ORDER** |
| *SSA*, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

**I**

This matter is before the Court on the Plaintiff's Unopposed Motion for Attorney Fees. [R. 26]. On May 16, 2026, the Plaintiff filed a Joint Motion for Attorney Fees pursuant to the Equal Access to Justice Act. [R. 21]. Finding the filing deficient in several respects, this Court ordered the Plaintiff to produce additional information regarding the reasonableness of the proposed fee. [R. 22]. Plaintiff then submitted a Memorandum in Support of the fee motion. But once again, this Court ordered Plaintiff to produce additional information, noting that "this memorandum still does not give the Court any relevant information on which to base the reasonableness assessment." [R. 24 at 1]. The Court found that Plaintiff incorrectly relied on the wrong relevant geographic area and miscalculated the hours and fees for paralegals, without ruling on the pending motion. Instead, the Court gave Plaintiff a second chance to submit additional information supporting the request for an EAJA fee award. [R. 24].

It is not clear to the Court that Plaintiff's counsel read that Order in full. Instead of providing the information requested, Plaintiff's counsel made basic modifications to the original motion and re-filed that motion again. [*Compare* R. 23 *with* R. 26]. Plaintiff still seeks $7,000 in

attorney's fees per an agreement with the Defendant Commissioner. [R. 26 at 1]. Plaintiff supported their attorney hourly fee increase with relevant data for the correct geographic location. Plaintiff also reduced the sought paralegal fees at $100.00 per hour rate but did not excise any of the secretarial or clerical tasks that are not compensable under the EAJA. [*See* R. 24 at 3–4 (discussing the standard for awarding paralegal fees)].

## II

Even where the Commissioner agrees to a fee award, "it is incumbent on the Court to examine the fee to be awarded for reasonableness." *Collins v. Dudek*, No. 5:24-CV-00125-MAS, 2025 U.S. Dist. LEXIS 279063, at *1 (E.D. Ky. Mar. 3, 2025) (citing 28 U.S.C. § 2412 (d)(2)(A)). "Discerning the appropriate hourly fee in EAJA cases is a matter committed to the Court's discretion." *Id.* (citing *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578 (6th Cir. 2005)). The EAJA ties the amount of fees awarded to the "prevailing market rates for the kind and quality of services furnished," and caps attorney's fees at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The relevant community, for the purposes of establishing the prevailing market rate, refers to the "same metropolitan area as the one in which the case was brought." *Kalar v. Astrue*, No. 10-428-JBC, 2012 U.S. Dist. LEXIS 97559, at *2 (E.D. Ky. July 13, 2012).

After determining that a party is eligible for EAJA fees, the Court looks to "the lodestar amount as the starting point for calculating a reasonable fee award." This lodestar method reflects "the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

As a preliminary matter, the Court agrees with the parties that Plaintiff is the prevailing party for the purposes of the EAJA and that the government waived any argument as to substantial justification. The Plaintiff is eligible for EAJA fees. Therefore, the broad issue before the court is whether the fee award is reasonable under the lodestar method.

### A

To show that the prevailing wage in the relevant community exceeds the $125 statutory cap, the Plaintiff "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The Plaintiff may meet this burden by "producing satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*

In the case *sub judice*, the Plaintiff requests an hourly rate of $255.00 per hour. [R. 26 at 16–18]. In support of this rate, Plaintiff points the Court to the Consumer Price Index for the South Urban Region, which captures the relevant geographic area of the Eastern District of Kentucky. The increase in the cost of living between 1996 and 2025 was 2.04. When multiplied by the $125 statutory rate, the adjusted hourly rate would be $255. [*Id.* at 17]. The rate falls within the range established in recent EAJA decisions involving social security appeals. *See, e.g., Whitley ex rel. S.B. v. SSA*, No. 5:24-cv-00365-GFVT, 2026 U.S. Dist. LEXIS 66966, at *14 (E.D. Ky. Mar. 30, 2026) (finding a rate of $245.00 reasonable); *Hack v. Bisignano*, No. 3:25-cv-00013-GFVT, 2026 U.S. Dist. LEXIS 110173, at *5 (E.D. Ky. May 18, 2026) (finding an hourly rate of $255.90 reasonable). This Court, in both *Whitley* and *Hack*, found that sufficient support existed justifying this rate because it falls below rates typically charged by attorneys specializing in complicated or niche practice areas, such as administrative law. *Hack*, 2026 U.S. Dist. LEXIS

3

110173, at *4–5. The Court finds that the Plaintiff sufficiently supported his request for an upward variance from the statutory cap for attorney's fees. Accordingly, the Court finds that the hourly attorney rate of $255 is reasonable.

The Court must also evaluate the number of claimed attorney work hours. A request must include "an itemized statement from any attorney . . . representing or appearing on behalf of the party stating the actual time expended and the rate at which the fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The overriding concern for the Court is whether the fees are "reasonable." 28 U.S.C. § 2412(d)(2)(A).

Here, Plaintiff claims 26.6 hours of attorney time. [R. 26-2 at 5; R. 26 at 7]. This was a contested case which involved extensive research and briefing on the issues contested, in addition to reviewing the lengthy administrative transcript. Plaintiff submitted time sheets providing a detailed overview of the hours spent. [R. 26-2 at 5]. The Commissioner does not object to the calculation, and the Court consequently finds that the 26.6 work hours claimed by the Plaintiff are reasonable.

**B**

The Court next must evaluate the claimed paralegal hours and hourly rate. Plaintiff claims 7.0 hours of paralegal fees at a rate of $100 per hour. [R. 26 at 7]. Courts in this region frequently award paralegal fees at a rate of $100 per hour. *Collins*, 2025 U.S. Dist. LEXIS 279063, at *4; *see also Bland v. Kijakazi*, 5:21-CV-179-REW, 2022 WL 16948564, at *2 (E.D. Ky. Nov. 14, 2022) (collecting cases). As to hours, paralegal fees are only recoverable under the EAJA "to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client. *Whitaker v. Kijakazi*, 2022 U.S. Dist. LEXIS 146739, at *8 (E.D. Ky. Aug. 17, 2022). "In other words, purely clerical or secretarial tasks

4

should not be billed at a paralegal rate, regardless of who performs them." *Id.* (quoting *Echols v. Express Auto, Inc.*, 857 F. App'x 224, 229 (6th Cir. 2021)).

Here, all of the claimed paralegal hours reflect clerical or secretarial tasks. Plaintiff claims hours for such tasks as downloading and printing ALJ and AC decisions for attorney review, opening the client file, logging dates and deadlines, performing the Treasury Offset Program (TOP) debt investigation, preparing the *in forma pauperis* application, preparing the complaint and cover sheet, updating deadlines in an internal system, downloading the administrative record from PACER, compiling time records, and preparing the EAJA packet for settlement. [R. 26-2 at 5]. These are clerical or secretarial tasks. *See Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-cv-00010, 2019 U.S. Dist. LEXIS 244769, at *8 (W.D. Mich. Oct. 1, 2019) (finding that "preparing initial EAJA documents" is "more properly considered clerical or secretarial and is not compensable"); *Herron v. Trenton Special Sch. Dist.*, No. 1:19-cv-01034-STA-jay, 2021 U.S. Dist. LEXIS 165916, at *6 (W.D. Tenn. Sep. 1, 2021) (finding that "preparation of correspondence," "preparing documents," "review of Court deadlines," and other preparation to be clerical or secretarial tasks).

Plaintiff's attorney calculated their total fees as $7,483.00 before engaging in EAJA settlement discussions with the Commissioner. [R. 26-2 at 5]. Subtracting 7.0 hours of paralegal time at a rate of $100 per hour results in a final compensable amount of $6,783.00. This figure is lower than the $7,000 amount agreed to by the parties. [R. 26 at 10]. Although the parties agreed to a $7,000 amount, the Court must still evaluate the EAJA award for reasonableness. Because the claimed paralegal hours are not reasonable, the Court has no choice but to reduce the fee award. *Hack*, 2026 U.S. Dist. LEXIS 110173, at *6–8.

5

**C**

In sum, an hourly attorney fee rate of $255.00 and a total of 26.6 hours sets the lodestar at $6,783.00. The Court finds that the lodestar amount is reasonable in this case. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.").

**D**

Plaintiff has executed an assignment purporting to assign any EAJA fees he is awarded to his attorney. [R. 23-2]. The parties agree that Plaintiff assigned his right to EAJA fees to his attorney, but it is unclear whether Plaintiff owes any debt that is subject to a government offset under the Treasury Offset Program. *See* 31 U.S.C. § 3716(c)(3)(A). Accordingly, if, after receiving the Court's order, the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, the defendant may make fees payable to the plaintiff's attorney.

**III**

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiff's Motions for Attorney Fees, **[R. 21]** and **[R. 26]**, are **GRANTED in part** and **DENIED in part**.

2. Plaintiff is **AWARDED** EAJA attorney fees in the amount of **$6,783.00**.

3. If, after receiving the Court's EAJA fee Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury

6

Offset Program; and (2) agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fee will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commission cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

This 15th day of July, 2026.

Gregory F. Van Tatenhove
United States District Judge

7